## BROCK & YOUNGUE v. YOUNGUE.

1. In a controversy between a purchaser at an execution sale, made upon the original judgment after its affirmance in the Supreme Court on a writ of error, superseded by bond and surety, and one claiming by a conveyance from the defendant in execution, executed pending the cause in the Supreme Court, the title of the latter will prevail.

Whether the rule would not be different if the contest was between the defendant in execution and a purchaser at such sale.— *Quere?*

Error to the Circuit Court of Talladega.

TRESPASS to try title to a tract of land. The plaintiff claimed as a purchaser at an execution sale, upon a judgment against David Conner, rendered 11th May, 1838. The sale was made the 3d August, 1840. He produced the sheriff's deed and proved possession in the defendant to the judgment at the time of its rendition.

The defendant relied on a conveyance to him of the land, by David Conner, executed the 8th January, 1839, and possession. It was also proved that the defendant Conner, prosecuted a writ of error to the Supreme Court, on the 29th September, 1838, and gave bond and security to supersede the execution, and that the judgment was affirmed against Conner and his sureties, in the Supreme Court, on the 6th February, 1839. The facts being agreed, the Court rendered judgment for the defendant, from which this writ is prosecuted.

RICE, for plaintiff in error, contended that the sheriff's deed was conclusive, and could not be collaterally impeached.

Brock & Youngue v. Youngue.

That notwithstanding the execution under which the land was sold, was sued out upon the judgment of the Circuit Court, after its affirmance in the Supreme Court, that the execution was not void, but voidable only. He cited 2 Ala. Rep. 734; 4 Ib. 9, 19, 321; 5 Ib. 58; 4 Wend. 462.

Wm. Chilton, contra.

ORMOND, J—Both parties deduce title from the defendant in execution; the plaintiff, by a purchase at an execution sale, the defendant by a conveyance. It is therefore only necessary to inquire whether the defendant in execution had the right to convey the title, if he had the title of the defendants in error, being prior in point of time, must prevail.

The judgment under which the plaintiff deduces his title, was carried to this Court by writ of error, and bond and security given to supersede the execution. The effect of this was to discharge the *lien* of the judgment as decreed by this Court in Campbell v. Spence, 4th Ala. Rep. 543. After the *lien* created by the judgment was thus discharged, the defendants purchased from Conner, the defendant to the judgment, and it is therefore obvious that his title is superior to that of the plaintiff's, derived from a sale by virtue of the judgment after its affirmance in this Court. The *lien* of the judgments being discharged by the supersedeas, is, as to all rights acquired after such discharge, as if it never had existed. The subsequent affirmance in this Court did not restore the former *lien*, but was the foundation of a new *lien* from the date of the affirmed judgment.

Whether the argument of the plaintiff's counsel might not apply, if the controversy was between the defendant in execution and a purchaser under the judgment, is a question we need not decide.

Let the judgment be affirmed.